UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** |
| | ) | |
| Plaintiff, | ) | (18 U.S.C. § 371) |
| | ) | (18 U.S.C. § 1343) |
| v. | ) | (18 U.S.C. § 1349) |
| | ) | (18 U.S.C. § 1028A) |
| 1. SEYED SAJJAD SHAHIDIAN, | ) | (18 U.S.C. § 1956(h)) |
| aka "Soheil Shahidi," | ) | (18 U.S.C. § 2) |
| | ) | (50 U.S.C. § 1705(c)) |
| 2. VAHID VALI, and | ) | |
| | ) | |
| 3. PAYMENT24, | ) | |
| | ) | |
| Defendants. | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

At times relevant to this Indictment:

### INTRODUCTORY ALLEGATIONS

**A.  Defendants**

1.  Defendant SEYED SAJJAD SHAHIDIAN is an Iranian national residing in Iran who is the founder of PAYMENT24 and is PAYMENT24's Chief Executive Officer. Defendant VAHID VALI is PAYMENT24's Chief Operating Officer and is also an Iranian national residing in Iran. Defendant PAYMENT24 is an internet-based financial services company located in Iran. The primary business of PAYMENT24 is assisting Iranian citizens residing in Iran with conducting financial transactions with businesses based in the United States that are prohibited by international sanctions. These transactions include the unlawful purchase and importation into Iran of computer servers

SCANNED
DEC 1 8 2018
U.S. DISTRICT COURT MPLS

and software from United States-based businesses, among others. In order to facilitate these transactions, PAYMENT24 obtains payment processing accounts from United States-based businesses using fraudulent passports and other false residency documentation. PAYMENT24 charges a fee for its services, which, according to PAYMENT24's website, are used to circumvent "American sanctions." PAYMENT24 has more than 40 employees and has offices in Tehran, Shiraz, and Isfahan, Iran. PAYMENT24 claims on its website that it has brought millions of dollars of foreign currency into Iran.

**B.  Relevant Legal Provisions**

2.  The International Emergency Economic Powers Act (IEEPA), 50 U.S.C. §§ 1701-1706, authorizes the President of the United States to impose economic restrictions on a foreign country in response to an unusual or extraordinary threat to the national security, foreign policy, or economy of the United States when the President declares a national emergency with respect to that threat. Beginning in November 1979, pursuant to the authority granted under IEEPA, successive Presidents have issued executive orders finding that Iran constitutes an unusual and extraordinary threat to the national security, foreign policy and economy of the United States and, based on that finding, declaring a national emergency to deal with the threat. Beginning in May 1995, pursuant to the authority granted under IEEPA, successive Presidents have issued executive orders to impose comprehensive trade and financial sanctions on Iran. The Iranian Transactions

and Sanctions Regulations (ITSR), 31 C.F.R. Part 560, have been implemented pursuant to the authority granted under IEEPA and the executive orders.

3. The ITSR generally prohibits any person from exporting or causing to be exported from the United States any goods, technology or service without having first obtained an export license from Unites States Department of the Treasury. The ITSR, or its predecessor the Iranian Transactions Regulations, were in effect at all times relevant to this Indictment, and imposes, among others, the following prohibitions:

    a. Section 560.204 provides that no goods, technology or services may be exported, re-exported, sold, or supplied to Iran, directly or indirectly from the United States or by a United States person, wherever located, without authorization.

    b. Section 560.203 prohibits any transaction by any United States person or within the United States that evades or avoids, or had the purpose of evading or avoiding, causes a violation of, or that attempts to violate, any of the prohibitions set forth in Part 560.

4. IEEPA provides that "[i]t shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this chapter [which includes ITSR]" and "[a] person who willfully commits, willfully attempts to commit, or willfully conspires to commit, or aids or abets in the commission of, [such] an unlawful act" shall be guilty of a crime.

5.  The Grand Jury incorporates by reference and realleges these Introductory Allegations into each and every count of this Indictment as though fully alleged therein.

## COUNT 1
(Conspiracy to Defraud and Commit Offenses against the United States)

6.  Beginning in or before 2009 and continuing to in or about November 2018, in the State and District of Minnesota, and elsewhere, the defendants,

**SEYED SAJJAD SHAHIDIAN, aka "Soheil Shahidi,"
VAHID VALI, and
PAYMENT24,**

and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally commit offenses against the United States, specifically to willfully export, attempt to export, and cause to be exported goods, technology and services from the United States to Iran and to enter into transactions within the United States that evaded and avoided, and had the purpose of evading and avoiding, the prohibitions imposed on Iran by the United States government, in violation of 50 U.S.C. § 1705(c), 15 C.F.R. § 746.7, 15 § C.F.R. 764.2, 31 C.F.R. § 560.203 and 31 C.F.R. § 560.204.

**Manner and Means**

7.  The manner and means by which the object of the conspiracy was accomplished included, but was not limited to, the following:

    a.  Defendants SHAHIDIAN, VALI, and others, using PAYMENT24, conspired to cause U.S. businesses to engage in financial transactions prohibited

by IEEPA and the ITSR. On its website, PAYMENT24 sells a package of services to assist its Iranian clients with circumventing sanctions restrictions, which enables those clients to make online purchases of goods from United States-based businesses. PAYMENT24 charges approximately $245.00 U.S. dollars for the package, which includes a PayPal account, a fraudulent "ID card and address receipt," a remote IP address from the United Arab Emirates, and a Visa gift card for PayPal verification purposes. The PAYMENT24 website states that "as long as the American sanctions continue to be in place, it is always advisable to create your accounts with a foreign identity." The PAYMENT24 website provides instructions to PAYMENT24 clients about how to avoid restrictions on foreign websites, including advising that they should not use any "Iranian identity and mailing address to register on any foreign websites," and "never attempt to log into those sites with an Iranian IP address."

b.   Defendants SHAHIDIAN, VALI, and others, using PAYMENT24, conspired to deceive United States-based businesses to export United States-origin goods while concealing from the United States-based businesses that they intended to ship those United States-origin goods to Iran for their use in Iran. SHAHIDIAN, VALI, and others accomplished this fraud in part by making material misrepresentations and omissions regarding the destination of the United States-origin goods, falsely representing to the United States-based businesses that the goods were destined for the United Arab Emirates, when in fact they were

destined for use in Iran. In furtherance of this scheme to defraud, SHAHIDIAN, VALI, and others acting at their direction, provided the United States-based businesses with false documents of residency. Also in furtherance of his scheme to defraud, and in order to accomplish the transactions with the United States-based businesses, SHAHIDIAN obtained payment processing accounts from United States-based companies using false residency information, fraudulent passport documents, and other residency documentation, including documents fabricated using the identity and personally identifiable information of another person.

## Overt Acts

8.  On or about the dates listed below, in furtherance of the conspiracy and to accomplish the objects of the conspiracy, SHAHIDIAN, VALI, PAYMENT24, and others committed, or caused to be committed, various overt acts within the District of Minnesota and elsewhere, including but not limited to the following:

   a.  On April 11, 2011, SHAHIDIAN opened an account with PayPal, a United States-based payment processing company located in San Jose, California, with an account number ending in -5089. In order to open this account, SHAHIDIAN provided false and fraudulent information to PayPal to conceal the fact that he was an Iranian citizen residing in Iran. Specifically, SHAHIDIAN falsely certified to PayPal that he resided at a specific address in Dubai, United Arab Emirates, when in fact he resided in Iran. During the course of the

conspiracy, SHAHIDIAN used, or caused to be used, PayPal account -5089 to transmit more than $1,968,000 and receive more than $1,800,000 in U.S. currency.

    b.    On at least seventeen separate occasions, SHAHIDIAN used PayPal account -5089 to send payments to an e-commerce company headquartered in Minnetonka, Minnesota, to unlawfully purchase digital downloads of computer software and software licenses, and for other computer related products. Records of these transactions reflect the purchaser as "SeyedSajjad Shahidian" with the same fictitious address in the United Arab Emirates used by SHAHIDIAN to open PayPal account -5089. These seventeen transactions occurred on or about the following dates: June 16, 2014, July 15, 2015, September 14, 2015, September 15, 2015, December 31, 2015, February 16, 2016, February 18, 2016, April 15, 2016, June 1, 2016, October 25, 2016, March 2, 2017, March 18, 2017, June 6, 2017, October 3, 2017, January 19, 2018, January 20, 2018 and January 23, 2018.

    c.    On November 17, 2010, SHAHIDIAN opened a PayPal account ending in -0324. In order to open this account, SHAHIDIAN provided false and fraudulent information to PayPal to conceal the fact that he was an Iranian citizen residing in Iran. Specifically, SHAHIDIAN falsely certified to PayPal that he resided at a specific address in Dubai, United Arab Emirates, when in fact he resided in Iran. During the course of the conspiracy, SHAHIDIAN used, or caused to be used, PayPal account -0324 to transmit more than $5,708,000 and receive more than $6,272,000 in U.S. currency.

    d.    On at least four separate occasions, SHAHIDIAN used PayPal account -0324 to send payments to the same e-commerce company headquartered in Minnetonka, Minnesota, to unlawfully purchase digital downloads of computer software and software licenses, and for other computer related products. Records of these transactions reflect the purchaser as "SeyedSajjad Shahidian" with the same fictitious address in the United Arab Emirates used by SHAHIDIAN to open PayPal account -0324. These four transactions occurred on or about the following dates: March 10, 2012, August 6, 2012, February 21, 2014, and August 3, 2017.

    e.    During the course of the conspiracy, SHAHIDIAN opened, or caused to be opened, more than 250 PayPal accounts on behalf of customers of PAYMENT24 who resided in Iran. When opening these PayPal accounts for PAYMENT24 customers, SHAHIDIAN provided, or caused to be provided, false information to PayPal about the true residence and location of the PAYMENT24 customer. For example, in connection with nearly all of the accounts, SHAHIDIAN provided, or caused to be provided, a falsified utility bill purporting to be from the Dubai Electricity & Water Authority to PayPal in order to conceal the fact that the PAYMENT24 customer resided in Iran.

    f.    On January 16, 2013, SHAHIDIAN opened an account with Payoneer, a United States-based payment processing company located in New York, with an account number ending in -8538 in the name of SHAHIDIAN's father. In order to open this account, SHAHIDIAN provided false and fraudulent

information to Payoneer to conceal the fact that the account holder was residing in Iran. Specifically, SHAHIDIAN falsely certified to Payoneer that the account holder resided at a specific address in Dubai, United Arab Emirates, when in fact he resided in Iran. On December 29, 2014, Payoneer Customer Support sent an email to the account holder of -8538 requesting proof of residency. In response, SHAHIDIAN provided Payoneer with electronic copies of a falsified utility bill in the name of the account holder purportedly from the Dubai Electricity & Water Authority, a fraudulent passport in the name of the account holder altered to make it appear that the account holder resided in the United Arab Emirates, a falsified credit card statement altered to make it appear that the account holder resided in the United Arab Emirates, and a falsified Resident Identity Card from the United Arab Emirates in the account holder's name. The fraudulent utility bill, passport, credit card statement, and Resident Identity Card were created by VAHID VALI at SHAHIDIAN's direction and thereafter provided by VALI to SHAHIDIAN. Payoneer blocked the account ending in -8538 on January 1, 2015, based on suspicion that the account holder had provided falsified residency documentation.

  g. On December 16, 2013, SHAHIDIAN opened a Payoneer account with an account number ending in -1890. In order to open this account, SHAHIDIAN provided false and fraudulent information to Payoneer to conceal the fact that he was residing in Iran. Specifically, SHAHIDIAN falsely certified to Payoneer that he resided at the same address in Dubai, United Arab Emirates, that

was used to open account -8538, when in fact he resided in Iran. Payoneer blocked the account ending in -1890 on January 1, 2015.

  h. On or about June 6, 2016, SHAHIDIAN purchased, or caused to be purchased, computer servers and networking infrastructure from a United States-based computer company based in Fremont, California, at a cost of $89,981.64. SHAHIDIAN paid for these purchases using fraudulently acquired PayPal accounts. SHAHIDIAN concealed from the United States that computer servers and networking infrastructure were destined for use in Iran.

All in violation of 18 U.S.C. § 371.

## COUNT 2
(Wire Fraud)

9. On or about June 1, 2016, in the State and District of Minnesota and elsewhere, the defendants,

**SEYED SAJJAD SHAHIDIAN, aka "Soheil Shahidi,"
VAHID VALI, and
PAYMENT24,**

and others known and unknown to the Grand Jury, having devised a scheme to defraud, and for the purpose of executing a scheme to defraud and to obtain property by means of false or fraudulent pretenses, as set forth above in paragraphs 6 through 8, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce an interstate wire communication; specifically, a payment for the purchase of computer software from a PayPal account controlled by the defendants to an

e-commerce company located in Minnetonka, Minnesota, in violation of Title 18, United States Code, Sections 2 and 1343.

## COUNT 3
(Wire Fraud)

10. On or about August 3, 2017, in the State and District of Minnesota and elsewhere, the defendants,

**SEYED SAJJAD SHAHIDIAN, aka "Soheil Shahidi,"
VAHID VALI, and
PAYMENT24,**

and others known and unknown to the Grand Jury, having devised a scheme to defraud, and for the purpose of executing a scheme to defraud and to obtain property by means of false or fraudulent pretenses, as set forth above in paragraphs 6 through 8, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce an interstate wire communication; specifically, a payment for the purchase of computer software from a PayPal account controlled by the defendants to an e-commerce company located in Minnetonka, Minnesota, in violation of Title 18, United States Code, Sections 2 and 1343.

## COUNT 4
(Conspiracy to Commit Wire Fraud)

11. From in or about 2009 until in or about November 2018, in the State and District of Minnesota and elsewhere, the defendants,

**SEYED SAJJAD SHAHIDIAN, aka "Soheil Shahidi,"
VAHID VALI, and
PAYMENT24,**

conspired with each other and with and others known and unknown to the Grand Jury to commit the crime of wire fraud, in violation of Title 18, United States Code, Section 1349.

### COUNT 5
(Money Laundering Conspiracy)

12. From in or about 2009 until in or about November 2018, in the State and District of Minnesota and elsewhere, the defendants,

**SEYED SAJJAD SHAHIDIAN, aka "Soheil Shahidi,"
VAHID VALI, and
PAYMENT24,**

and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, and agree to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and smuggling, in violation of Title 18, United States Code, Section 554, and knowing that the transactions were designed in whole or in part to conceal or disguise the nature, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 6
(Aggravated Identity Theft)

13. On or about January 11, 2015, in the State and District of Minnesota and elsewhere, the defendants,

**SEYED SAJJAD SHAHIDIAN, aka "Soheil Shahidi,"
VAHID VALI, and
PAYMENT24,**

and others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, wire fraud, in violation of 18 U.S.C. § 1343, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Sections 2 and 1028A(a)(l).

## FORFEITURE ALLEGATIONS

14. Counts 1-6 of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

15. If convicted of any of the offenses alleged in Counts 1-4 and 6 of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the

violations of Title 18, United States Code, Sections 371, 1343 and 1349, and Title 50 United States Code, Section 1705(c).

16.   If convicted of the offense alleged in Count 5 of this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses and any property traceable to such property.

17.   If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____         _____
UNITED STATES ATTORNEY              FOREPERSON